**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

Civil Action Number:

JUAN CARLOS GIL,

    Plaintiff,

vs.

RESTAURANT.COM, INC.,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Restaurant.com, Inc. ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36 and the Illinois Human Rights Act ("ILHRA") as codified at 775 ILCS 5 and alleges as follows:

### INTRODUCTORY STATEMENT

1.     Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendant's business.

2.     Businesses have choices when they offer their services to the public.

3.     Businesses should not operate in any manner that creates discrimination in access to their products and services.

1

4. Defendant owns and operates a user-friendly restaurant metasearch engine under the brand name "restaurants.com." Restaurants.com offers a metasearch engine service to the public which is heretofore referenced as "goods and services."

5. This complaint seeks declaratory and injunctive relief to have Defendant update its policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business so that Plaintiff (who is legally blind) can communicate with Defendant effectively and timely such that his access to Defendant's website is not impeded; as such impediment has rendered Defendant's website not fully accessible to the visually impaired (such as the Plaintiff).

## JURISDICTION & VENUE

6. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business.

7. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court and is located in the district.

9. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102; "ILHRA") are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

**THE PARTIES**

10. Plaintiff Juan Carlos Gil is a resident of the state of Florida and is disabled as defined by the ADA.

11. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2) and §36.105(2)(iii)(B).

12. Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

13. In the past years, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind conferences[3] and various focus groups and meetings throughout the east coast (including New York and Boston).

14. Plaintiff can only use/comprehend internet content that interfaces with his screen reader software.

15. Defendant Restaurant.com, Inc. is a Delaware corporation authorized to transact business in Illinois. Restaurant.com, Inc. operates an online database under the

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020); See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm
[2] July 2017, 2018
[3] In 2017 (Nevada) and in 2018 (Wisconsin)

brand name "restaurants.com" which features restaurants throughout the United States (sort by region), their menus and prices. It provides information on local restaurants as well as the opportunity to purchase certificates to purchase food at featured restaurants at discount prices (such as purchasing a $25 food certificate for $10).

**FACTS**

16. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which (through its www.restaurant.com website) sells food coupons which is defined as and "other sales establishment" within the meaning of by 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

17. Defendant's www.restaurant.com website is provided to the public and is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36. Defendant's www.restaurant.com website is also referenced throughout as a "Place of Public Accommodation," or "Website."

18. Defendant's Website is offered as a way for the public to search for restaurants online, read restaurant reviews, review menu selections, and reserve seating at numerous restaurants, and purchase food coupons at discount prices, as well as provide other information the Defendant seeks to communicate to the public.

19. The Website is an integral part of the goods and services offered by Defendant. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA[4].

---

[4] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that

4

20. Plaintiff is a customer who is interested in searching for various restaurants and restaurants reviews online, such as offered as a service at www.restaurant.com.

21. Continuing his search efforts on the internet, the Plaintiff then learned about www.restaurant.com and about the services www.restaurant.com offers online.

22. Plaintiff went to www.restaurant.com to learn about restaurants in his geographical area, how to navigate to and from those restaurants featured on www.restaurant.com, the menu selection and cost of food at various restaurants reviewed on www.restaurant.com, times, and dates of operations so he can arrange transportation to said restaurants featured on www.restaurant.com and to purchase food coupons in order to get discount meals at the restaurants featured on www.restaurant.com, and as such becoming a user of the Restaurants.com search engine.

23. Defendant's Website was inaccessible so Plaintiff could not (among other things):

   a. Access reviews and find out restaurant 'star' ratings,
   b. Learn about the menu selections and prices for the purpose of then going to a local restaurant to purchase food, and
   c. Purchasing food coupons in order to get discount meals at featured restaurants.

24. The failure to obtain the information needed precluded Plaintiff's ability to patronize the www.restaurant.com search engine because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired activity (eating, drinking,

---

their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

shopping, or recreating).

25. The failure to be able to purchase food coupons online precluded Plaintiff's ability to use food coupons for bargain dining at local restaurants.

26. In this Smartphone era (the age of information technology), Defendant's provision of a Website is an essential part of the services offered, and is no different than the customer service which Defendant provides to the public as part of its product and service offering.

27. Defendant's Website is not designed with consideration for Universal design. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website[5].

28. Furthermore, Defendant's Website does not have the indication of website accessibility[6].

29. Plaintiff has tried and has been unable to access and comprehend Defendant's Website. By denying Plaintiff the opportunity to comprehend its Website due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to use the internet to view restaurant options, as well as the food and drink selections at those restaurant options in order to plan a trip to dine out, plan his meal selection in advance and purchase food coupons in order to dine at bargain prices, as accommodations are made available to the public (non-disabled persons and persons who are not visually impaired).

---

[5] "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017), by *Accessibility for Everyone*, (p. 5)

[6] 

30. Plaintiff's inability to communicate with Defendant's business created a *virtual barrier* which resulted in an *effective barrier* to access to Defendant's restaurant search engine and discount food coupons and has hindered, impeded and inhibited Plaintiff's access to featured restaurant locations.

31. Plaintiff's expectation of comparing restaurants online at www.restaurant.com was vanquished since he could not access Defendant's Website at all to avail himself of the latest services which Defendant offers to the public.

32. The fact that Plaintiff could not access the Defendant's Website left Plaintiff excluded from accessing a plethora of local restaurants and purchasing food coupons for bargain dining and further left him with the feeling of segregation, rejection, isolation, and unable to participate in his own business affairs (such as in this case finding a suitable restaurant in Plaintiff's desired area for dining) in a manner equal to that afforded to others who are not similarly disabled.

33. Plaintiff's inability to fully use Defendant's Website has hindered, impeded and inhibited Plaintiff's access to local restaurant locations as advertised on Defendant's Website.

34. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

35. Plaintiff cannot make proper arrangements for transportation of himself and his wheelchair to restaurants recommended at www.restaurant.com without the ability to know in advance which restaurants are recommended or to know what menus, reviews, and reservation times are available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty at not being able to view the selection of

7

restaurants / menu (food and drink) selection, or restaurants reviews in advance which information is available online through Defendant's Website. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to Defendant's Restaurants.com recommended restaurant locations, Plaintiff is effectively denied the ability to physically travel to restaurants which Defendant's Website (search engine) provides within Plaintiff's desired dining area (physical location).

36. Plaintiff has visited Defendant's Website and a concrete plan to purchase food coupons and to become a customer of www.restaurant.com when he is treated like other members of the public, which Plaintiff will commence immediately and throughout the coming year (2019).

37. By denying Plaintiff the opportunity to comprehend its Website due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in (or benefit from) Defendant's goods and services as afforded to the public (non-disabled persons and persons who are not visually impaired).

38. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

39. On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of its business by individuals with disabilities.

40. On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website.

41. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided on its Website.

42. All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

43. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website/search engine which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

44. Defendant and alike search engines are fully aware of need to provide full access to all internet users.[7]

45. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

46. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare local restaurants and purchase food coupons for himself.

47. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

48. Plaintiff has retained the civil rights law office of Scott R Dinin, P.A. and

---

[7] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/), (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

9

has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

49. It is irrefutable that the ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

50. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

51. Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

52. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

53. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Defendant's Business is A Place of Public Accommodation**

54. By virtue of the fact that Defendant's Website is available to the public, the website is a place of public accommodation subject to the requirements of Title III of the ADA; 42 U.S.C. §12181(7)(E). The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

55. The virtual barrier to access is just as real as a physical barrier to access, for without information as to goods and services offered by Defendant and the ability to investigate and choose a restaurant and find out even perfunctory information like what restaurants are in the area, the price range of the restaurants and reservation availability, the visually impaired have no access to Defendant's restaurant recommendations which Defendant's search engine provides to the public.

**The Website As A Place of Public Accommodation**

56. The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

57. Further, the Department of Justice has long affirmed the application of Title III of the ADA to websites of public accommodations[8].

---

[8] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm 0(comprehensive decree

58. The www.restaurant.com website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) because it serves as an online store which sells food coupons (such as purchase of $25 of food for the price of $10) to the restaurants featured within www.restaurant.com.

59. It is clear that the ADA applies to the Defendant's Website, as the www.restaurant.com website is a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

60. Recent case law supports that the intangible barriers presented within Defendant's Website are violative of the ADA. See *Dennis Haynes v Dunkin' Donuts, LLC*. Cir. Case No. 18-10373 11th Cir. (Order Reversed and Remanded So Dist. Fla. Case 0:17-cv-61072-WPD Order) wherein the 11th Circuit Court of Appeals stated that the Dunkin' Donuts website was a service provided by the Dunkin' Donuts stores, which are places of public accommodation, and that the "ADA is clear that whatever goods and services Dunkin' Donuts offers as a part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." see *id*. at 1281–82, pgs. 5, 6.

---

governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service); Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #23].

61. At the present time and since the Website's inception, Defendant has provided inadequate service, and ineffective communications and services. Plaintiff's injuries are real, have occurred, and are continuing. Plaintiff's injuries will continue to occur until it is absolutely clear that Defendant's policies are brought in line with 2018 expectations of civil rights.

62. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

63. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. §12182(b)(2)(A)(II).

64. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. §12182(b)(2)(A)(III).

65. The use of the internet is at the center of daily life because it is 2018, not 1996.

**Barriers to Access**

66. As a result of the inaccessibility of Defendant's Website to Plaintiff, Plaintiff has been denied full and equal access to the www.restaurant.com search engine as Defendant has made available to the public through the information provided on Defendant's Website, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

67. There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic components to make its Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

68. The Website does not offer include the universal symbol for the disabled[9] and the indication of website accessibility[10] which would permit disabled individuals to access the Website's accessibility information and accessibility protocols.

**Violations of the ADA**

69. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites. These violations are

---

[9] , or HTML "Accessibility" link for those individuals who are visually impaired

[10] 

14

ongoing.

70. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

71. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to:

a) Require Defendant adopt and implement a web accessibility policy to make publically available and directly link from the homepage of the www.restaurant.com website to a statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its Website.

b) Require Defendant take the necessary steps to make its Website readily accessible to and usable by visually impaired users, and during that time period prior to the www.restaurant.com website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made, and

c) Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing Restaurants.com and becoming informed of nearby restaurants, looking at menus, and reserving a table (for dining) online. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate,  requiring Defendant to provide

an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public through Defendant's Website.

72. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

73. Defendant Restaurants.com, Inc. is a resident of (and maintains its physical location in) the state of Illinois.

74. Plaintiff Juan Carlos Gil suffers from a disability included within the definition of disability as delineated within the Illinois Human Rights Act ("ILHRA"). The ILHRA which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

75. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

76. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

77. The fact that Defendant's restaurant search engine sells food coupons, it is an "other sales establishment" as defined within 775 ILCS 5/5-101(A)(5).

78. As the owner and/or operator of a restaurant search engine sells food coupons operating with the state of Illinois, Defendant Restaurant.com, Inc. is subject to Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

79. By failing to provide its Website in a format accessible for blind or low signed individuals, Defendant has denied Plaintiff access to goods and services which it offers to the public. Such refusal of equal access to goods and services is a violation of Illinois law.

80. Such violations of Illinois law were deliberate and knowing.

81. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendant in accordance with the code of civil procedure.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Restaurant.com, Inc. and requests the following injunctive and declaratory relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff (and other individuals with visual impairments) equal access to, and benefit from Defendant's services, programs, activities and facilities, as well as:

   a) The Court issue a declaratory judgment that Defendant has violated Plaintiff's rights as guaranteed by the ADA;

   b) A declaration that Defendant has owned and/or operated its restaurant search engine and sales establishment in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

   c) The Court enter an Order requiring Defendant to update its www.restaurant.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively

17

communicate with the Website to the full extent required by Title III of the ADA and Illinois statutes;

d) The Court enter an Order requiring Defendant to clearly display the universal disabled logo[11] and sign of website accessibility[12] (standard WCAG 2.0) within its Website. Such a clear display is to insure that individuals who are disabled are aware of the availability of the accessible features of the www.restaurant.com website;

e) The Court enter an Order compelling Defendant to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendant's policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA;

f) The Court enter an order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

g) The Court enter an Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Website;

---

[11] 

[12]

h) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

i) The Court to award Plaintiff reasonable litigation expenses and attorneys' fees; and

j) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 12th day of April 2019.

        Respectfully submitted,

        *s/Scott Dinin*
        Scott R. Dinin, Esq.
        Scott R. Dinin, P.A.
        4200 NW 7th Avenue
        Miami, Florida 33127
        Tel: (786) 431-1333
        inbox@dininlaw.com
        *Counsel for Plaintiff*